## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

FERNANDO C. C.,

               Petitioner,

v.

PAMELA BONDI, *Attorney General of the United* States; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Acting Director, Saint Paul Field Office Director, U.S. Immigration and Customs Enforcement*,

               Respondents.

Case No. 26-cv-1235 (LMP/JFD)

**ORDER GRANTING HABEAS PETITION**

Taylor R. Stemler, **Merchant & Gould P.C., Minneapolis, MN**, for Petitioner.

David W. Fuller, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Fernando C. C. is a citizen of Guatemala who was arrested by immigration officials on February 8, 2026, and remains in the custody of United States Immigration and Customs Enforcement ("ICE"). ECF No. 1 ¶¶ 12–19. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See id.* ¶¶ 25–27. Fernando C. C. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* He also contends that he is not subject to discretionary detention under 8 U.S.C. § 1226(a) because the Government has not issued him a warrant. *See id.* ¶ 50. Fernando C. C. brings a petition

for a writ of habeas corpus, raising statutory, constitutional, and Administrative Procedure Act claims. *See id.* ¶¶ 28–44.

The Court ordered the Government to respond by February 11, 2026. ECF No. 4. The Government timely responded. As to Fernando C. C.'s claim that he is being improperly detained under 8 U.S.C. § 1225(b)(2), the Government concedes that Fernando C. C.'s petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided." ECF No. 7 at 1. However, the Government asserts that Fernando C. C. was issued a warrant on February 8, 2026, which means that he is properly subject to discretionary detention under 8 U.S.C. § 1226(a). *Id.* at 1–2; *see also* ECF No. 7-1 (copy of the February 8 warrant). In response, Fernando C. C. argues that because the warrant was issued after his arrest, and because it is not clear whether an authorized official issued the warrant, he cannot be detained pursuant to 8 U.S.C. § 1226(a). ECF No. 8 at 2–6.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Fernando C. C. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). The Government provides no material distinction between this case and those cases. Accordingly, Fernando C. C. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

The thornier question is whether Fernando C. C. is subject to discretionary detention under 8 U.S.C. § 1226(a). The Government has provided a warrant of arrest for Fernando C. C. ECF No. 7-1. But Fernando C. C. argues, with supporting evidence, that the warrant

was not issued until after his arrest. ECF No. 8 at 2–5; ECF No. 9. The Government does not offer any evidence to contradict that assertion, so the Court presumes that Fernando C. C. was arrested without a warrant.

But does that matter for Fernando C. C.'s Section 1226(a) claim? His core argument is that when an arrest is made before a warrant has issued, detention under 8 U.S.C. § 1226(a) can never be justified even if a warrant is later issued. ECF No. 8 at 2–6. Although the labyrinth of relevant statutes and regulations are far from a model of clarity, the best reading of the regulatory scheme cuts against Fernando C. C.'s argument.

Start with the statutory framework for warrantless arrests. The Immigration and Nationality Act ("INA") permits immigration officers to arrest a noncitizen without a warrant if that individual "is likely to escape before a warrant can be obtained for his arrest."[1] 8 U.S.C. § 1357(a)(2). However, noncitizens arrested without a warrant "shall be taken without unnecessary delay for examination" before an immigration officer who has "authority to examine aliens as to their right to enter or remain in the United States." *Id.* The implementing regulations fill in this statute, explaining that the noncitizen must be examined "by an officer other than the arresting officer," who will determine whether there is "prima facie evidence" that the arrestee is "present in the United States in violation of the immigration laws." 8 C.F.R. § 287.3(a, b). Within 48 hours after the warrantless arrest, the Government must determine "whether the alien will be continued in custody or released

---

[1]    Fernando C. C. does not allege in his petition, nor argue in his brief, that immigration officials erred in determining that he was likely to escape before a warrant could be obtained for his arrest.

on bond or recognizance and whether a notice to appear and warrant of arrest as prescribed in 8 CFR parts 236 and 239 will be issued." *Id.* § 287.3(d).

This regulation—which Fernando C. C. does not address—reveals several important points. First, a noncitizen arrested without a warrant may be "continued in custody," so long as that determination is made within 48 hours of an arrest. Second, a noncitizen arrested without a warrant may be issued a warrant of arrest as set forth in 8 CFR part 236 within 48 hours of an arrest. Tellingly, 8 C.F.R. part 236 contains the "implementing regulations" for 8 U.S.C. § 1226, which governs discretionary immigration detention. *Jose J. O. E. v. Bondi*, 797 F. Supp. 3d 957, 969 (D. Minn. 2025); *see Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). Those regulations further clarify the discretionary-detention framework, explaining that "[a]ny officer authorized to issue a warrant of arrest may, in the officer's discretion, release an alien not described in [8 U.S.C. § 1226(c)(1)], under the conditions at [8 U.S.C. §§ 1226(a)(2) and (3)]." 8 C.F.R. § 236.1(c)(8).

This Alice in Wonderland-like trail of immigration laws, therefore, authorizes immigration officers to arrest a noncitizen without a warrant, *see* 8 U.S.C. § 1357(a)(2), and determine within 48 hours to issue a warrant of arrest under 8 C.F.R. § 236.1, *see* 8 C.F.R. § 287.3(d), which subsequently unlocks the door to discretionary detention under 8 U.S.C. § 1226(a), *see* 8 C.F.R. § 236.1(c)(8). Indeed, the regulation governing warrantless arrests contemplates that an arrestee may be "continued in custody" beyond 48 hours, so ostensibly, the authority to continue detention must derive from some statutory basis. 8 C.F.R. § 287.3(d). Because this regulation explicitly cites 8 C.F.R. part 236, continued detention would most naturally be justified under part 236's statutory parent,

4

8 U.S.C. § 1226.[2]  Accordingly, a warrantless arrest under 8 U.S.C. § 1357(a)(2) is a threshold exception to arrest by warrant and, after the arrest, detention may proceed under Sections 1225, 1226, and 1231.  *See* 8 C.F.R. § 287.3(d).

Fernando C. C.'s argument runs against a wealth of case law applying the discretionary-detention framework of 8 U.S.C. § 1226 to noncitizens arrested without a warrant under 8 U.S.C. § 1357(a)(2).  *See, e.g.*, *Garcia Gabriel v. Hermosillo*, No. 2:25-cv-02594-DGE-GJL, 2026 WL 194233, at *1, 6 (W.D. Wash. Jan. 26, 2026); *Simon v. Olson*, No. 25 C 14799, 2025 WL 3567469, at *1, 5 (N.D. Ill. Dec. 13, 2025); *Lopez v. Noem*, No. GLR-25-3662, 2025 WL 3496195, at *6–8 (D. Md. Dec. 5, 2025); *Arias Lopez v. Hyde*, No. 25-12680-NMG, 2025 WL 3197806, at *1–2 (D. Mass Oct. 24, 2025); *see also Escobar Molina v. U.S. Dep't of Homeland Sec.* Civil Action No. 25-3417 (BAH), 2025 WL 3465518, at *32 (D.D.C. Dec. 2, 2025) (accepting the premise that "a warrantless civil immigration arrest, governed by § 1357(a), may lead to detention or other consequences governed by §§ 1221-1231").  Fernando C. C. points to several cases that purportedly support his argument, but none are availing.

He first cites to a decision from the Western District of Washington which holds that the Government cannot "trigger Section 1226(a) any time and in any circumstance . . . by issuing an arrest warrant."  *Maldonado v. Bostock*, No. 2:23-cv-760 (LK/BAT), 2023 WL 5804021, at *3 (W.D. Wash. Aug. 8, 2023).  But Fernando C. C. reads the "any time and in

---

[2]    Other statutory bases for detention may exist, too.  *See* 8 U.S.C. §§ 1225(b)(2), 1231(a)(2)(A).  Those bases are not implicated in Fernando C. C.'s case, however.

any circumstance" language out of context. In *Maldonado*, a noncitizen apprehended at the border was issued a warrant of arrest after his arrest, and the Government asserted that the noncitizen was subject to discretionary detention under Section 1226(a), not Section 1225(b)(2), because a warrant of arrest was issued. *Id.* at *1–2. The court disagreed, holding that because the noncitizen fit the statutory definition of an "applicant for admission" who was "seeking admission," he was properly subject to mandatory detention under Section 1225(b)(2). *Id.* at *3. The court rejected the notion that the Government could "sidestep or override" Section 1225(b)(2) by issuing a warrant of arrest "at any time and in any circumstance (e.g., when Section 1225(b) otherwise applies)." *Id.*

This case does not involve the Government seeking to use an arrest warrant to invoke Section 1226(a) and sidestep Section 1225(b)(2) (in fact, the Government would much prefer the opposite). *Maldonado*, therefore, has nothing to do with the warrantless arrest question posed here. And, if anything, *Maldonado* seems to undercut Fernando C. C.'s position, since both the petitioner and the Government in *Maldonado* operated under the assumption that a warrant issued post-arrest could authorize detention under Section 1226(a).

Next up is a decision from the Northern District of Illinois, which held that the INA and its implementing regulations do not authorize immigration officials to issue warrants in the field to persons encountered in the community without the concurrent or prior issuance of a notice to appear. *See Castañon Nava v. Dep't of Homeland Sec.*, No. 18-cv-3757, 2025 WL 2842146, at *15 (N.D. Ill. Oct. 7, 2025). It is unclear how this case helps Fernando C. C.'s, as his case does not involve a warrant issued "in the field" to a collateral

6

arrestee. And the question in *Castañon Nava* —whether field-issued warrants are valid—was relevant to the question of whether the arrest of a noncitizen was warrantless or pursuant to a warrant. *See id.* at *12 ("If these I-200 warrants are invalid, as plaintiffs assert, then the arrests made pursuant to these warrants will be treated as warrantless arrests."). In this case, there is no genuine dispute that Fernando C. C. was arrested without a warrant, ECF No. 8 at 2–5; ECF No. 9, nor does Fernando C. C. dispute that he was issued a notice to appear. *Castañon Nava*, therefore, illuminates little for this case.

Fernando C. C. next cites to a case from this District where, notwithstanding the Government's provision of a warrant of arrest, the court found that the petitioner was not properly detained under Section 1226(a). *Victor O. v. Bondi*, No. 26-cv-1122 (ECT/LIB), 2026 WL 392428, at *2 (D. Minn. Feb. 11, 2026). The *Victor O.* court found several deficiencies in the warrant itself, including (1) it was signed two days after the petitioner's arrest, (2) it did not identify who signed the warrant, and (3) it was not accompanied by a declaration authenticating or describing the warrant. *Id. Victor O.* is unhelpful to Fernando C. C. for several reasons. First, although it was unclear who signed the warrant in Victor O.'s case, as described below, it is evident from Fernando C. C.'s warrant that an authorized immigration officer issued the warrant. *See* ECF No. 7-1. Second, absent any accusation that the warrant is false, inauthentic, or materially inaccurate,[3] the Court does not believe that the lack of an authenticating declaration is fatal to a warrant's validity

---

[3]    Fernando C. C. alleges that the warrant contains an inaccuracy, ECF No. 8 at 5–6, but as described below, that inaccuracy is not material to the warrant's validity.

(although, from a best practices standpoint, a warrant should generally be introduced to the Court through an authenticating declaration, *see* Fed. R. Evid. 901). Finally, the Court's survey of the relevant statutes and regulations persuades it that a person may be arrested without a warrant, and subsequently subject to discretionary detention under Section 1226(a), so long as a warrant of arrest is issued in accordance with 8 C.F.R. § 287.3(d).

Fernando C. C. finally cites to another case in this District where, notwithstanding the Government's provision of a warrant of arrest, the court found that the petitioner was not properly detained under Section 1226(a) because the warrant "was not issued until after his arrest and initial detention." *See Alberto C. M. v. Noem*, No. 26-cv-380 (DWF/SGE), 2026 WL 184530, at *2 (D. Minn. Jan. 23, 2026). The Court acknowledges that *Alberto C. M.* supports Fernando C. C.'s position but is not persuaded that a post-arrest warrant is *per se* insufficient to authorize detention under Section 1226(a). In so holding, *Alberto C. M.* cited to cases involving petitioners who had never been issued warrants. *See id.* (citing *Cristian Z. v. Bondi*, No. 26-cv-157, 2026 WL 123116, at *2 (D. Minn. Jan. 16, 2026) and *Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026)). Those cases stand for the proposition that "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)," *Cristian Z.*, 2026 WL 123116, at *2, a proposition with which the Court wholeheartedly agrees, *see Joaquin Q. L.*, 2026 WL 161333, at *2–3. Here, however, there was "[i]ssuance of a

warrant," ECF No. 7-1, which furnishes the "necessary condition to justify discretionary detention under section 1226(a)," *Cristian Z.*, 2026 WL 123116, at *2.[4]

As for his last argument rooted in statutory interpretation, Fernando C. C. asserts that permitting post-arrest warrants to confer detention authority under Section 1226(a) would render superfluous 8 C.F.R. § 287.8(c)(2)(ii), which provides that "[a] warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained."  ECF No. 8 at 4.  It is true that a court "construes statutes to avoid rendering sections of statutes superfluous." *United States v. Boesen*, 541 F.3d 838, 847 (8th Cir. 2008).  But that is not a concern here, because 8 C.F.R. § 287.8(c)(2)(ii) is not superfluous when considering its place within the entire regulatory scheme.  *See Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (citations omitted) (explaining that courts must interpret a statute "as a symmetrical and coherent regulatory scheme," and "fit, if possible, all parts into an harmonious whole").

It is plain that 8 C.F.R. § 287.8(c)(2)(ii) sets the default rule: get a warrant.  It also provides an exception to that rule: no warrant is immediately needed if an immigration officer believes a person is likely to escape before a warrant can be obtained.  That regulation dovetails with the statutory authorization to conduct warrantless arrests.  *See*

---

[4]      That is not to say that the outcome in *Alberto C. M.* was wrong.  The court also found that the petitioner's detention violated his due process rights because the Government failed to make a custody determination within 48 hours, as required by 8 C.F.R. § 287.3(d).  *Alberto C. M.*, 2026 WL 184530, at *3.

8 U.S.C. § 1357(a)(2) (permitting a warrantless arrest if an arrestee "is likely to escape before a warrant can be obtained for his arrest"). After a warrantless arrest is made, however, immigration officials must make a "custody determination" within 48 hours, which includes the decision to issue a "warrant of arrest as prescribed in 8 CFR part[] 236." 8 C.F.R. § 287.3(d). Issuing such a warrant authorizes detention authority under Section 1226(a). *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(c)(8). In fact, it is Fernando C. C.'s argument that would render 8 C.F.R. § 287.3(d) superfluous, for if a warrant of arrest must always be issued before an arrest to confer detention authority under Section 1226(a), then why would 8 C.F.R. § 287.3(d) permit immigration officials to issue a warrant to a person already arrested without a warrant? Clearly, the regulations contemplate that a warrant of arrest may be issued after a person has already been arrested.

Apart from the timing of the warrant's issuance, Fernando C. C. raises several other concerns about the warrant, but none are sufficient to invalidate it. Fernando C. C. asserts that the name of the issuing immigration officer is "illegible," which does not "establish that the [warrant] was properly served by an agent with the training and authority to do so under 8 C.F.R. § 287.5(e)(3)." ECF No. 8 at 2, 6. The issuing officer's chicken-scratch handwriting makes it difficult for the Court to discern who exactly issued the warrant, but the Court can decipher that it was issued by an "SDDO," ECF No. 7-1 which the Court knows to be a "Supervisory Detention and Deportation Officer," *see Berchie v. Bondi*, No. 25-cv-3197 (KMM/SGE), 2025 WL 2753393, at *1 n.2 (D. Minn. Sept. 29, 2025). A Supervisory Detention and Deportation Officer is authorized to issue warrants of arrest under the relevant regulation. *See* 8 C.F.R. § 287.5(e)(3)(iv) (providing that "[d]eportation

10

officers" are authorized to issue warrants); *id.* § 287.5(e)(3)(vii) (providing that "[s]upervisory and managerial personnel who are responsible for supervising the activities of" deportation officers are authorized to issue warrants). Absent further evidence that the warrant is false or inauthentic, Fernando C. C. has not met his burden to demonstrate that habeas relief is warranted based on improper issuance of the warrant. *See Roble v. Bondi*, 803 F. Supp. 3d 766, 772 (D. Minn. 2025) (explaining that an immigration detainee "has the ultimate burden of providing entitlement to habeas relief").

Fernando C. C. next points out that in the certificate of service section of the warrant, "5PM" is inaccurately listed as the "location" where the warrant was served." ECF No. 8 at 5–6. It is possible that the "5" Fernando C. C. sees is actually an "S" (a fair mistake, given the scrawled handwriting). *See* ECF No. 7-1. That could mean that the warrant was served at "SPM," which could be "St. Paul, Minnesota" or something similar.[5] But even if "5PM" was inappropriately listed as the "location" where the warrant was served, Fernando C. C. does not explain why this inaccuracy renders the warrant invalid. More to the point, this Court has previously concluded that the validity of a warrant to authorize detention under Section 1226(a) turns on whether the warrant was *issued*, not whether it was *served*. *See Sinan O. v. Noem*, No. 26-cv-386 (LMP/JFD), ECF No. 14 at 3–6 (D. Minn. Feb. 3, 2026). In this case, like in *Sinan O.*, a warrant was indisputably issued. ECF

---

[5]    The Court observes that simply writing "SPM" is unhelpful in determining where a warrant was served, given that "SPM" could mean a variety of things, including "St. Paul, Minnesota," "St. Paul/Minneapolis," or "St. Paul Metro."

No. 7-1. Fernando C. C. offers no authority that would justify reconsidering the Court's decision in *Sinan O.*

In summary, because a warrant was issued to Fernando C. C. within 48 hours of his warrantless arrest, that warrant authorized Fernando C. C.'s continued detention pursuant to the discretionary detention framework of Section 1226(a). However, as noted above, Fernando C. C. is entitled to the procedural protections of Section 1226(a), including a bond hearing. *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

In closing, the Court emphasizes what it is *not* deciding, as it is limited by the record and arguments before it. The Court is not deciding whether immigration officials had probable cause to conduct a warrantless arrest in the first place. *See* 8 U.S.C. § 1357(a)(2) (explaining that a warrantless arrest is authorized only if the arresting officer has "reason to believe" that the individual arrested "is likely to escape before a warrant can be obtained for his arrest"). The Court is not deciding what happens if substantial questions as to a warrant's accuracy or authenticity are raised. The Court is also not deciding whether a warrant issued after the 48-hour period in 8 C.F.R. § 287.3(d) could justify detention under Section 1226(a).[6] Nor is the Court deciding whether 8 C.F.R. § 287.3(d)—which

---

[6] There is authority to support the argument that failure to make a custody determination required by 8 C.F.R. § 287.3(d) within 48 hours requires a noncitizen's release from detention. *See Alberto C. M.*, 2026 WL 184530, at *3; *see Makuiza v. Wesling*, No. 2:26-cv-44-LEW, 2026 WL 252400, at *4 (D. Me. Jan. 30, 2026); *Marin v. Noem*, No. 2:25-cv-09343-CV (SSCx), 2025 WL 3158094, at *3–4 (C. D. Cal. Oct. 4, 2025). Indeed, there are parallels to this 48-hour deadline in criminal law. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 56–57 (1991).

ostensibly allows immigration officials to invoke detention authority under Section 1226(a) by issuing a post-arrest warrant—contradicts other regulations or provisions of the INA. These questions are not raised by Fernando C. C.'s petition, although such arguments, if properly raised, may very well change the outcome of future cases.

## ORDER

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Fernando C. C.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

    a. The Court **DECLARES** that Fernando C. C. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

    b. The Government is **ORDERED** to provide Fernando C. C. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of his release no later than Friday, February 20, 2026.

    c. If the Government does not provide Fernando C. C. with a bond redetermination hearing by February 20, 2026, as required by this Order, the Government is **ORDERED** to release Fernando C. C. from detention immediately.

    d. No later than February 23, 2026, the Government is **ORDERED** to provide the Court with a status update concerning the results of any bond

hearing conducted pursuant to this Order, or if no bond hearing was held,

advise the Court regarding Fernando C. C.'s release.[7]

## LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 17, 2026

s/Laura M. Provinzino
Laura M. Provinzino
United States District Judge

---

[7]     Fernando C. C. sought several other forms of relief in his habeas petition.  To the extent that Fernando C. C. seeks immediate release from custody, ECF No. 1 at 18, that request is denied.  *See Roberto M. F.*, 2025 WL 3524455, at *5 (holding that a bond hearing is the proper remedy for a petitioner erroneously subjected to mandatory detention under Section 1225(b)(2) but properly subject to discretionary detention under Section 1226(a)).  The Court also denies Fernando C. C.'s request in his brief for expedited discovery, ECF No. 8 at 7, as the requested information is immaterial to the Court's decision or relates to claims that were not asserted in Fernando C. C.'s petition.  Finally, the Court need not adjudicate Fernando C. C.'s APA and constitutional claims, ECF No. 1  ¶¶ 28–35, 38–44, given that the Court has ruled for him on his statutory claim.  *See United States v. Turechek*, 138 F.3d 1226, 1229 (8th Cir. 1998).